CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 1 2 2012

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| WILLIAM F. PENNINGTON, | ) | |
| | ) | Civil Action No.  7:11CV00446 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | By:   Honorable Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social

Security denying plaintiff's claims for disability insurance benefits and supplemental security income

benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. §

1381 et seq., respectively.  Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C.

§ 1383(c)(3).  As reflected by the memoranda and argument submitted by the parties, the issues now

before the court are whether the Commissioner's final decision is supported by substantial evidence,

or whether there is "good cause" to necessitate remanding the case to the Commissioner for further

consideration.  See 42 U.S.C. § 405(g).

The plaintiff, William F. Pennington, was born on January 30, 1967, and eventually

completed his high school education.  Plaintiff has worked as a construction laborer, delivery driver,

grocery store stocker, drill operator, carpenter, parts handler, and production laborer.  He last worked

on a regular basis in 2000.  On August 31, 2007, Mr. Pennington filed applications for disability

insurance benefits and supplemental security income benefits. Plaintiff alleged that he became

disabled for all forms of substantial gainful activity on July 1, 2000 due to compression fractures,

nerve damage, degenerative disc disease, depression, chronic anxiety, pinched nerves, high blood

pressure, and leg swelling. He now maintains that he has remained disabled to the present time. As to his application for disability insurance benefits, the record reveals that Mr. Pennington met the insured status requirements of the Act through the first quarter of 2006, but not thereafter. See gen., 42 U.S.C. §§ 416(i) and 423(a). Consequently, Mr. Pennington is entitled to disability insurance benefits only if he has established that he became disabled for all forms of substantial gainful employment on or before March 31, 2006. See gen., 42 U.S.C. § 423(a).

Mr. Pennington's claims were denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated April 7, 2010, the Law Judge also determined that plaintiff is not disabled. The Law Judge found that Mr. Pennington suffers from severe impairments on the bases of degenerative disc disease, hypertension, obesity, headaches, and depression. Given this combination of impairments, the Law Judge ruled that plaintiff is disabled for all of his past relevant work roles. The Law Judge assessed Mr. Pennington's residual functional capacity as follows:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to lift and/or carry up to 20 pounds occasionally and 10 pounds frequently; stand for 4 hours in an 8-hour period for 2 hours at a time; walk for 3 hours in an 8-hour period for 2 hours at a time; sit for 4 hours in an 8-hour period for 3 hours at a time; frequently reach (not overhead), handle, finger, feel and occasionally reach overhead and push/pull with the right and left hand; frequently operate foot controls with the right foot; occasionally operate foot controls with the left foot; occasionally crouch, kneel, stoop, and climb stairs or ramps; never crawl, balance, or climb ladders or scaffolds; tolerate frequent exposure to operating a motor vehicle, humidity, wetness, dust, odors, fumes, pulmonary irritants, and extreme cold/heat; tolerate occasional exposure to moving mechanical parts, vibrations, and moderate noise; and tolerate no exposure to unprotected heights. Additionally, the claimant has pain in his back and legs, takes medication and has side effects, doesn't sleep well so has fatigue, gets depressed, has headaches, and any combination of these would cause moderate reduction in concentration, persistence and pace, defined as he would think of any combination of these problems 8 to 10 times per hour for up to 10 seconds each time, but there would be no abandonment of task and he could complete a normal workday.

2

(TR 19).  Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge determined that Mr. Pennington possessed sufficient functional capacity to engage in several light and sedentary work roles permitting a sit/stand option at all relevant times on and before the date of the Law Judge's opinion.  Accordingly, the Law Judge ultimately concluded that Mr. Pennington is not disabled, and that he is not entitled to benefits under either federal program.  See gen., 20 C.F.R. §§ 404.1520(g) and 416.920(g).  The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council.  Having exhausted all available administrative remedies, Mr. Pennington has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment.  See 42 U.S.C. §§ 423(d)(2) and 1382c(a).  There are four elements of proof which must be considered in making such an analysis.  These elements are summarized as follows:  (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age.  Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that there is substantial evidence to support the Commissioner's denial of plaintiff's claim for disability insurance benefits.  However, the court believes that there is "good cause" for remand of plaintiff's claim for

3

supplemental security income benefits to the Commissioner for further development and consideration.

The medical record confirms that Mr. Pennington has suffered from significant musculoskeletal problems, as well as related symptomatology and emotional dysfunction, since the late 1990s. There is also some indication of situational depression. Mr. Pennington has been seen by several orthopaedic specialists and general practitioners in an attempt to obtain treatment for persistent pain and discomfort in his back and lower extremities. An MRI of plaintiff's thoracic spine performed in July of 2003 showed moderate degenerative disc disease and exaggerated dorsal kyphosis and cervical lordosis, but no evidence of disc herniation, spinal stenosis, or spinal cord impingement. (TR 752-53).

The court believes that the Administrative Law Judge reasonably relied on medical interrogatories completed by Dr. Ward Stevens, a board certified neurosurgeon. Following a review of all the evidence then of record, Dr. Stevens responded to a series of interrogatories on August 20, 2009. Dr. Stevens concluded that Mr. Pennington was not suffering from a listed impairment.[1] (TR 834). Dr. Stevens went on to assess plaintiff's physical ability for a variety of work-related activities. (TR 835-40). The court believes that Dr. Stevens' assessment supports a finding of residual functional capacity for sedentary and light sedentary work roles in which the worker is permitted to sit or stand at will.

---

[1] If a claimant suffers from an impairment which meets or equals a listed impairment under Appendix I to Subpart P of the Administrative Regulations Part 404, the claimant is deemed disabled for all forms of substantial gainful employment without consideration of factors such as age, education, and prior work experience. See 20 C.F.R. §§ 404.1520(d) and 416.920(d).

4

At the administrative hearing, the Administrative Law Judge and plaintiff's attorney propounded hypothetical questions to a vocational expert. One of the hypothetical questions offered by the Administrative Law Judge set forth all of the work-related limitations identified by Dr. Stevens. (TR 60-61). The Law Judge then expanded upon that hypothetical, asking the vocational expert to assume that Mr. Pennington suffers from a "moderate reduction in concentration, persistence and pace." (TR 62). In response to both hypotheticals, the vocational expert opined that plaintiff could be expected to engage in sedentary and light sedentary exertional activities which offer a "so-called sit/stand option." (TR 61).

The Administrative Law Judge relied heavily on Dr. Stevens' assessment, and the vocational expert's response to hypothetical questions incorporating Dr. Stevens' findings, in denying Mr. Pennington's claims for benefits. The court believes that the Administrative Law Judge's reliance on these two evidentiary sources is supported by substantial evidence. Dr. Stevens had the opportunity to review a substantial medical record in assessing the severity of Mr. Pennington's musculoskeletal dysfunction. The medical record considered by Dr. Stevens included both subjective assessments and objective medical studies, including the aforementioned MRI report. Moreover, the court notes that many of the medical reports compiled in the early to mid-2000s indicate that Mr. Pennington was still engaging, at least on occasion, in fairly rigorous physical activities. Finally, the court notes that in posing hypothetical questions for the vocational expert, the Administrative Law Judge assumed that plaintiff's subjective discomfort resulted in some measure of reduction in concentration, persistence, and pace. Indeed, in making his ultimate fact-findings, the Administrative Law Judge assumed a "moderate reduction" based on subjective manifestations. (TR 19). In short, the court believes that the Administrative Law Judge, and Dr. Stevens for that

5

matter, made reasonable assessments of the medical record, and gave Mr. Pennington the benefit of the doubt in evaluating the extent to which his capacity for work is impacted by his pain and physical discomfort.

As for the administrative assessment of the vocational factors, the court believes that the Law Judge posed reasonable and comprehensive hypothetical questions to the vocational expert. The court finds that the vocational expert's evaluation of the vocational factors, and the assumptions under which the expert deliberated, are fully consistent with the evidence in this case.

In short, the court believes that the Administrative Law Judge's adoption of Dr. Stevens' findings is supported by substantial evidence. Inasmuch as Dr. Stevens made his assessment based on the medical record as it existed on August 20, 2009, and inasmuch as plaintiff's insured status ended on March 31, 2006, it follows that the record supports the Law Judge's denial of plaintiff's application for disability insurance benefits. Thus, the Commissioner's final decision denying this claim must be affirmed.

The difficulty in this case is that there were substantial developments in the medical record in the months following Dr. Stevens' evaluation. It seems that in 2009, Mr. Pennington was incarcerated for a period of time. Once he was released, he was seen by Dr. Kenneth McIntyre at the Bland County Medical Clinic. Dr. McIntyre completed a medical assessment on March 17, 2010, which indicates that Mr. Pennington is disabled as a result of degenerative joint disease in the lumbosacral spine, with radiation to the lower extremities. Perhaps more significantly, Mr. Pennington underwent a new MRI of the lumbosacral spine on January 22, 2010, resulting in an impression of severe bilateral facet arthrosis with mild thoracolumbar junction degenerative disc disease, though without evidence of central canal or foraminal stenosis. (TR 1054).

6

The court believes that the development of this more recent medical evidence necessitates remand of the case to the Commissioner for further consideration of Mr. Pennington's claim for supplemental security income benefits. The court notes that when asked to consider the level of potential absenteeism suggested by Dr. McIntyre's work-related assessment of March 17, 2010, the vocational expert opined that Mr. Pennington would be unable to hold any job. (TR 64-65). More importantly, the court again recognizes that the Administrative Law Judge clearly relied on Dr. Stevens' medical assessment in determining that Mr. Pennington could still perform sedentary or light sedentary exertion. The court has determined that the Law Judge's reliance in this regard is supported by substantial evidence, and justifies the Commissioner's denial of plaintiff's claim for disability insurance benefits. However, Dr. Stevens did not have the opportunity to consider the medical evidence generated after plaintiff's release from prison in late 2009. The MRI findings from January of 2010 indicate that the level of degenerative process in the lumbar spine is now more pronounced than that considered by Dr. Stevens. Inasmuch as it is clear that Dr. Stevens' report provided the lynchpin for the Commissioner's disposition of Mr. Pennington's claims, the court believes that the new findings present "good cause" for remand. While the court finds that there is substantial evidence to support the Commissioner's denial of both claims, at least through the date of Dr. Stevens' assessment, the court must remand this case to the Commissioner for further consideration of plaintiff's claim for supplemental security income benefits for the period after August 20, 2009.

In summary, the court has found substantial evidence to support the Commissioner's denial of plaintiff's claim for a period of disability and disability insurance benefits. Accordingly, the final decision of the Commissioner as regards this application for benefits must be affirmed. Laws v.

<u>Celebrezze</u>, 368 F.2d 640 (4th Cir. 1966).  However, as to that portion of the case dealing with plaintiff's application for supplemental security income benefits, the court has found "good cause" for remand of the case to the Commissioner for further development and consideration as to the matters specified above.  If the Commissioner is unable to decide these issues in plaintiff's favor on the basis of the existing record, the Commissioner will conduct a supplemental administrative hearing at which both sides will be allowed to present additional evidence and argument.  An appropriate judgment and order will be entered this day.

The Clerk is directed to send certified copies of this Memorandum Opinion to all counsel of record.

DATED: This ___11th___ day of April, 20120.

Chief United States District Judge